EDNA DOROTHEA HOWARD

*v.*

WALTER HENRY HOWARD.

[Decided February 24th, 1910.]

1. In a suit for divorce founded on adultery, the signed confessions of the paramour written by the petitioner and witnessed, but made in the absence of the defendant, are not evidence.

2. The defendant's confession of guilt made to his wife and sister, are not such evidence as, under the law of this state, will support a decree.

*Mr. Theodore D. Gottlieb,* for the petitioner.

WALKER, V. C.

This is an *ex parte* divorce case for adultery. Marriage and residence are clearly proved. The master reports that in his opinion "all the material facts charged in the petition relative to the charge of adultery are true, and that a decree for divorce should be made for the cause of adultery." That the charge of adultery is proved to be true because the defendant has confessed it, I may admit, but his confession, or rather confessions, are insufficient in law to prove the commission of the offence, as will hereafter appear.

The proof of adultery lies in confessions of the defendant and his paramour. Of course the confessions of the paramour are not evidence when made out of the presence of the defendant. *Doughty* v. *Doughty, 32 N. J. Eq. (5 Stew.) 32; Berckmans* v. *Berckmans, 16 N. J. Eq. (1 C. E. Gr.) 122; Hurtzig* v. *Hurtzig, 44 N. J. Eq. (17 Stew.) 329, 337; Graham* v. *Graham, 50 N. J. Eq. (5 Dick.) 701.* The confessions of the paramour relied upon in this case were made in the absence of the defendant. She signed a confession which was written by the petitioner, and her signature was witnessed by a woman whom the petitioner called in for the purpose. This was after the defendant had

left the petitioner, he having left before she discovered his infidelity.

As to the defendant's confessions of guilt: These were made to his wife and her sister. They do not appear to have been collusive, but, nevertheless, they are not such evidence as, under our law, will support a decree.

Chief-Justice Beasley, sitting as master in *Jones* v. *Jones, 17 N. J. Eq. (2 C. E. Gr.) 351* (at *p. 352*), said: "The approved rule of law appears to be that a divorce will not be granted when the admissions of the criminal party constitute the entire basis upon which to rest the conclusion of guilt. Such evidence, it is said, may convince to a moral certainty, but it does not fill the measure of legal proof. That such a standard for legal judgment could not safely be adopted is apparent, when we consider the ease with which the entire case could be simulated by colluding parties. The precedents, therefore, wisely require something more than the naked declarations of the defendant."

Perhaps the leading case in this state on the question of confessions is that of *Summerbell* v. *Summerbell, 37 N. J. Eq. (10 Stew.) 603.*

Vice-Chancellor Grey, in *Perkins* v. *Perkins, 59 N. J. Eq. (14 Dick.) 515,* speaking of *Summerbell* v. *Summerbell* (at *p. 517*), said: "In that case the opinion of Barker Gummere, Esq., as master, collates and comments upon the cases in a manner so thorough and discriminating as to be of the utmost value. The opinion of the court of appeals affirming the decree advised by him discusses the special facts shown."

While the particular point upon which *Summerbell* v. *Summerbell* turned was presumption of coercion on the part of a husband concerning a wife's confession of adultery written in the husband's presence, the learned master, in his opinion, reviews the law of confessions generally and holds that they are not conclusive in and of themselves, and that whether made by husband or wife cannot be made the basis of a decree unless strongly corroborated. See *Summerbell* v. *Summerbell, supra* (at *p. 605 et seq.*) See, also, *Kloman* v. *Kloman, 62 N. J. Eq. (17 Dick.) 153,* in which Vice-Chancellor Reed holds (at *p. 156*) that corroborating evidence to support a confession must be in respect

of the act charged. See, also, *Perkins* v. *Perkins, 59 N. J. Eq.* (*14 Dick.*) *515.*

As there is no legal evidence of the guilt of the defendant the adultery is not proved, and the divorce must be denied.